UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

Chapter 11

Docket No. 1-25-41058-nhl

In Re PAUL LESPOIR INC.,


------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO NOTEWORTHY ASSET MANAGEMENT LLC'S MOTION FOR RELIEF FROM STAY

Dated: Brooklyn, New York
     May 2, 2025

ALTER & BARBARO, ESQS.
Counsel for Lespoir Inc.

BY: __/s/ Troy J. Lambert_____
     Troy J. Lambert, Esq.,
     26 Court Street, Suite 1812
     Brooklyn, New York 11242
     Tel: (718) 237-0880
     troylambert2003@yahoo.com
     troylambert@alterbarbaro.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................ i

TABLE OF AUTHORITIES ......................................................................... ii

DEBTOR'S OPPOSITION TO MOTION TO LIFT STAY AND OR
CONVERT CASE ........................................................................................ 1

I.   DEBTOR'S PRELIMINARY STATEMENT ..................................... 2

II.  ADDRESSING MOVANT'S STATEMENT OF FACTS ...................... 4

III. ARGUMENT ....................................................................................... 5

   A.   Relief from The Automatic Stay Should Be Denied when Both Prongs of
Section 11 U.S.C. 362(d)(2) Are Unmet ............................................. 5

   B.   Cause Not Shown to Lift Stay or Alternatively Debtor Shows Sufficient
Cause for the to Stay Remain in Place .............................................. 8

     i.   Adequate Protection is provided as Payments were made .................... 8

     ii.  Debtor Has Not Engaged in Bad Faith Filing to Warrant Conversion
to Chapter 7 ..................................................................................... 13

   C.   Sonnax Factors Must Not Be Applied Mechanically and Movant failed
to Meet it Burden ............................................................................. 16

   D.   Stay Relief Denied per 11 U.S.C. 362(d)(2), if there is Inconclusive
Valuation Testimony, Potential Equity or Right of Redemption ............ 19

     i.   There is Equity In the Property ........................................................ 19

IV. No alternative Cause Exists to Warrant Converting the Case to Chapter 7
under U.S.C. 1112(b) ......................................................................... 22

V.  Waiver of the 14 Day Stay is Unwarranted .................................... 24

# TABLE OF AUTHORITIES

**Cases**

11 U.S.C. § 548.................................................................................................21

362(d)(2)(A)............................................................................................... 19, 24

Banque de Financement, S.A. v. First National bank, 568 F.2d 911,
    912 (2d Cir. 1997)....................................................................................15

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462,
    103 S.Ct. 1303 (1983)................................................................................8

Global Cable, inc. v. Adelphia Commc'ns Corp., 2006 WL 1559437, at *3
    (S.D.N.Y. June 6, 2006).............................................................................16

In re 221-06 Merrick Blvd., Associates LLC, Not Reported in B.R. 2010
    WL 5018265, (E.D.N.Y December 3, 2010).......................................................23

In re 234-6 West 22nd St., Corp., 214 B.R. 751, 757 (Bankr. S.D.N.Y.
    1997) .................................................................................................13

In re 48th Street Steakhouse, Inc., 835 F.3d 427, 431, (2d Cir. 1987).....................19

In re AAGS Holdings LLC, Bankr, 608 B.R. 373, 383-384 (Bankr.
    S.D.N.Y. 2019) .......................................................................................14

In re Ad Brite Corp.,  290 B.R. 209, 216 (Bankr. S.D.N.Y.2003) .........................23

In re Bialic, 712 F.2d 426, 431-432, (9th Cir. 1983)...................................... 19, 20

In re Celsius Network LLC., 642 B.R. 497, 503, (Bankr. S.D.N.Y.
    2022) ............................................................................................... 18, 19

In re Chalek, 2025 WL 338346.............................................................................13

In re Cohoes Indus. Terminal, Inc., 931 F.2d 222 at 228 (2d Cir. 1991) ...............15

In re Con Am Grandview Assocs., L.P., 179 B.R. 29, 32, (S.D.N.Y. 1995)....14, 23

In re C-TC 9th Avenue Partnership v. Norton Company, Maplewood
   Colonie Common School, and the Town of Colonie, 113 F.3d 1304,
   1309 (2d Cir. 1997) ................................................................................2

In re Éclair Bakery Ltd., 255 B.R. 121, 132 (Bankr. S.D.N.Y 2000) ....................13

In re Gateway Access Solutions, Inc., 374 B.R. 556, 562, (Bankr. M.D.
   Pa 2007) ..............................................................................................22

In re Gregory & Parker, Inc., No. 12-01382-8-SWH, 2013 WL 2285671,
   at *4 (Bankr. E.D.N.C. May 23, 2013) .................................................22

In re Harmony Holding Group, LLC, 655 B.R. 849, (Bankr, E.D.N.Y.
   2023) ............................................................................................ 10, 12

In Re Johns-Manville Corp., 36 B.R. 727, 737, (Bankr.  S.D.N.Y. 1984)..............13

In re Kanterman, 88 B.R. 26, 29 (S.D.N.Y.1988) ....................................................23

In re Kaplan, 264 B.R. 309, (Bankr. S.D.N.Y. 2001)........................................ 20, 21

In re Keene Corporation, 171 B.R. 180, 183 (Bankr S.D.N.Y. 1994)......................10

In re Lizeric Realty Corp., 188 B.R. 499, 503, (Bankr.S.D.N.Y.1995) ..................23

In re MacInnis, 235 B.R. 255, (Bankr. S.D.N.Y.) .....................................................13

In re Mego Intern., Inc., 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983) ........................8

In re Metro Affiliates, Inc., et. al., Debtors 2014 WL 1153989 (2014) ........... 16, 19

In re Modanlo, 413 B.R. 262, 270 (Bankr.D.Md. 2009) .........................................22

In re Montgomrey, 262 B.R. 772 (8th Cir.2001)......................................................21

In re Oligbo, 328 B.R. 619, 652 (Bankr. E.D.N.Y. 2005).....................................5, 6

In re Paterno 511 B.R 62, 68 (Bankr. M.D. N.C. 2014).........................................22

In re Penn Dixie, 6 B.R. 832 (S.D.N.Y. 1980) ........................................................10

In re Poughkeepsie Hotel Associates, 132 B.R. 287, 291 (Bankr.S.D.N.Y.1991)..20

In re Project Orange Assoc., LLC, 432 B.R. 89, 113 (Bankr. S.D.N.Y.
   2010) ....................................................................................................14

In re Rey, 2019 WL 1077007, at *2 (Bankr. S.D.N.Y. 2019) ................................12

In re Sonnax Indus., 907 F.2d 1280, 1285 (2d Cir. 1990) ........................... 6, 10, 17

In re Sonnax Indus., Inc., 907 F.2d 1280, 1285 (2d Cir. 1990).........................9, 15

In re Stranaham Gear Co., Inc., 67 B.R. 834 (Bankr. E.D.Pa 1986) ......................21

In re SunEdison Inc., 557 B.R. 303, 308-309 (Bankr, S.D.N.Y. 2016) .................18

In Re Texaco Inc., 81 B.R. 820, 889 (Bankr. S.D.N.Y. 1988) ................................10

In re Trina Associates, 125 B.R. 858, 873, (Bankr.E.D.N.Y.1991) ........................16

In re Tupper, 667 B.R. 67, (Bankr. E.D.N.Y. 2024) .................................................17

Litte Creek Development Co. v. Commonwealth Mortgage Corp., 779
    F.2d 1068, at 1072 (5th Cir. 1986) ........................................................................15

Mazzeo v, Lenhart, 167 F.3d 139, 143 (2d Cir. 1999) ..................................... 10, 11

Mortg., Inc v. Brown, 830 N.Y.S.2d 158, 159 (2d Dept. 2006).............................12

NYCTL-199-1 TR v. 573 Jackson Ave. Realty Corp., 921 N.E.2d 195,
    199 (NY 2009) .........................................................................................................12

Prudential Lines Inc., 928 F.2d 565, 574, (2d Cir.1991).................................. 19, 20

Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) ............................8

Segal v. Rochelle, 382 U.S. 375, 379 (1966)...........................................................12

**Statutes**

§362(a)1-3 ...................................................................................................................8

§541(5) .....................................................................................................................12

11 U.S.C. § 1112(b) ....................................................................................................1

11 U.S.C. § 361(1) ......................................................................................................3

Bankr. P. 4001(a)(3).................................................................................................24

Section §362(a)(1)-(3)................................................................................................7

Section 1112(b)(4) ....................................................................................22

ALTER & BARBARO, ESQS.
Troy J. Lambert, Esq.,
26 Court Street, Suite 1812
Brooklyn, New York 11242
Tel: (718) 237-0880
Troylambert2003@yahoo.com
troylambert@alterbarbaro.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

Chapter 11

Docket No. 1-25-41058-nhl

In Re PAUL LESPOIR INC.,

----------------------------------------------------------x

## DEBTOR'S OPPOSITION TO MOTION
## TO LIFT STAY AND OR CONVERT CASE

TROY J. LAMBERT, ESQ., makes the following opposition to Movant's

motion to Lift the stay pursuant to 11 U.S.C. 362(d)(1) and (2), and further opposes

Movant's alternative request for relief to convert the Chapter 11 case to a Chapter 7

pursuant to 11 U.S.C. § 1112(b), and deny the liquidation request of the Debtor's

property 871 Flatbush Avenue, Brooklyn, New York 11226 ("The Property"); and

further deny the Movant's request to waive the fourteen (14) Day Stay if an entry of

Judgment under Fed. Bankr. P. 4001(a)(3), is granted

`      I am a member of the firm ALTER & BARBARO, Esqs., attorneys for debtor, PAUL LESPOIR INC., ("Lespoir") and have reviewed the files and records thereof to become familiar with the facts, and make these assertions based thereon.

## I.      DEBTOR'S PRELIMINARY STATEMENT

1.      The Automatic Stay should not be lifted, on the facts herein as Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, March 5, 2025, prior to a foreclosure sale of the property 781 Flatbush Avenue, Brooklyn New York, 11226 (the Property) thereby commencing the above captioned case.

2.      The Purpose of Chapter 11 of the Bankruptcy law is to enable a business or an individual to reorganize and emerge from Bankruptcy <u>In re C-TC 9th Avenue Partnership v. Norton Company, Maplewood Colonie Common School, and the Town of Colonie</u>, 113 F.3d 1304, 1309 (2d Cir. 1997) and there are several defenses to the movant's request for relief from the current Stay.

3.      First, the single asset real estate maintains a valuation different from Movant's demonstrating equity in the property and the Debtor has Equity and will move the court for an Order of valuation by a neutral and unbiased Appraiser.

4.      Second, the Property is a ground floor commercial rental space and two (2) residential units the Debtor needs no employees to run its business operations.

5.      Third, Lespoir's rent collection to make payments were redirected to defend a wrongful foreclosure proceeding initiated by Movant here it is alleged in

defense that the Movant applied an incorrect rate to the acquired note after failing to cash payments timely made by the Debtor forcing the Debtor into foreclosure. (**Exhibit A;** Answer and Affirmative Defenses to foreclosure) The shift from making mortgage payments only occurred but for a wrongfully applied interest rate.

6.      Prior to filing the Bankruptcy petition the Debtor informed Counsel, that no rents were collected for the three (3) months in 2025 preceding the filing and only one collected during the pendency of the Bankruptcy.

7.      Application will be made to this court seeking to modify the stay temporarily solely to allow the Debtor to pursue perfecting the Appeal to overturn the Supreme Court Kings County Judgment by the New York Supreme Court Appellate Division, Second Department. A Notice of Appeal dated February 26, 2025, (Attached herein as **Exhibit B,** NYSCEF Doc. No. 110), is already filed. The purpose of the Appeal is to unwind the wrongfully applied foreclosure judgment on the property and restore the parties to their pre-foreclosure posture.

8.      Fourth, post-petition adequate protection payments were made by a third party under 11 U.S.C. § 361(1) to avoid decrease in value of Movant's interest in the property, the monthly payments during pendency of this proceeding at five thousand five hundred dollars ($5,500.00) albeit the wrongfully applied default rate.

9.      Adequate protection payments while this matter is pending juxtaposed to the meritorious appeal shows that the Bankruptcy filing is not done in bad faith,

contrary to the movant's position but to set the record straight regarding the State Court judgment while contemporaneously reorganizing the business of the Debtor.

10. Lespoir is creating a Plan and alternatively considering another company taking over operations and repayment through financing and the Movant's request is an unnecessary burden frustrating the code's purpose and must be denied.

11. Lastly, there are no extraordinary circumstances warranting denial of the debtor relief under Bankr. P. 4001(a)(3), if an Order Lifting the Stay is granted and the fourteen (14) day Stay must remain in place if Movant's motion is granted.

## II.    ADDRESSING MOVANT'S STATEMENT OF FACTS

12. In the Debtor's statement of revenue for the commencing petition filing of the Chapter 11 Bankruptcy, the failure to indicate revenue or accounts receivable was due to the non-payment by tenants during the months preceding filing in 2025.

13. Notably in Noteworthy's Statement of Facts (pp. 2-3) is a failure to allege a date of default that initiated foreclosure proceedings December 16, 2019, after the Movant acquired assignment of the mortgage August 4, 2017 showing merit to the appeal as Lespoir made payments on the mortgage since Noteworthy obtained the loan in 2017 and thereafter. (Movant's **Exhibit C**)

14. In Supreme Court Kings County the Movant moved for summary judgment in foreclosure before the Honorable Laurence Knipel and in a decision

dated June 22, 2021 [NYSCEF Doc. No. 44, **Debtor's Exhibit C**, attached herein] the Lespoir defendants raise triable issue of fact regarding alleged payment default in August 2017 by submitting a series of checks reflecting mortgage payments to Noteworthy consecutively payments to Movant, [See Judge Knipel's Order; page 11 of 12 of **Exhibit C**], were uncashed until January 2019, denying Summary judgment.

15. The documentary evidence questions the Movant's Declaration under penalty of perjury [Doc No. 21-2, "RELIEF FROM STAY–REAL ESTATE" at ¶11 "DATE OF RECEIPT OF LAST PAYMENT: July 1, 2017", misstates the facts.

16. Moreover, Lespoir states the Note required Movant to pay insurance and property tax (Lespoir's **Exhibit A;** Answer and Affirmative Defenses). Hence, Movant's failure to cash payments, required Lespoir to pay insurance and taxes increasing the judgment lien and Movant's incorrect default rate and judgment on appeal is incorrectly inflated amount (See Certification in Opposition). Therefore, when movant states the judgment amount and outstanding taxes and water rates surpass the equity they double the lien amount they are otherwise not entitled to.


III. <u>ARGUMENT</u>

A. **Relief from The Automatic Stay Should Be Denied when Both Prongs of Section 11 U.S.C. 362(d)(2) Are Unmet**

17. The Movant has an initial burden and may request a hearing under 11 U.S.C. 362(d)(2) of the Bankruptcy Code for relief from stay which provides that

relief from automatic stay shall be granted if the debtor does not have equity in the property and the property is not necessary for an effective reorganization. According to In re Oligbo, 328 B.R. 619, 652 (Bankr. E.D.N.Y. 2005) Both must be met.

18.     However, if Movant fails to make first burden, "the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection" In re Sonnax Indus., 907 F.2d 1280, 1285 (2d Cir. 1990). Alternatively, "if either the movement fails to show the debtor has no equity, or the debtor shows that the property at issue is necessary for an effective reorganization, then relief from the automatic stay under section 362 (d)(2) must be denied.

19.     Here, Movant's burden is not met regarding equity as the initially filed petitions maintained an estimate of valuation of the property subsequently reevaluated and although Movant pleads an absence of equity in the property under 362(d)(1), subsequent research post-filing shows a higher value between one million six hundred thousand dollars ($1,600,000.00) and one million eight hundred ninety thousand dollars ($1,890,000.00) for buildings of similar size, (1) commercial unit and (2) residentials doors away (Certification in Opposition). Also, the judgment on appeal makes the lien amount questionable as grossly inflated and rights flow from equitable right to redeem the mortgage before a foreclosure sale that was not extinguished has additional value, In re Oligbo, *supra*, at 653. (Bankr.ED.N.Y.

2005) rental arrears at three (3) months pre-petition and two (2) months post-petition as of May is about thirty-four thousand ($34,000.00) (Certification In Opposition).

20.     Further, the Movant's valuation states it is: "limited mostly to exterior"[1] inspection, and "limited inspection to the ground floor of the commercial unit"[2] and the Appraiser states his assessment "Should the above extraordinary assumption prove to be inaccurate, our value conclusion may be materially impacted" (pp.3, 14), assumption or assumes is used over a dozen times and "does not guarantee accuracy" (pp.6) "neither possible nor practical for the appraiser to validate with a high degree of accuracy all information and documentation that may be provided to him during the course of an assignment". Nor will he give testimony in court to corroborate his report,[3] and another signor on the Appraisal, Regev Hindi, MAI, AI-GRS, Certified General RE Appraiser, "has not made a personal inspection of the property that is subject of this report"[4] at all although he signed it. It is hearsay and highly suspect.

21.     Section §362(a)(1)-(3) Stays all commencement, continuation, of judicial or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title or to recover claim

---

[1] Page 1,

[2] page 2

[3] Page 10

[4] Page 12

against the debtor that arose before the commencement of the case under this title. It stays enforcement against the debtor; the property of the estate of a judgment obtained before the commencement of the case under this title and any actual obtained possession of the property of the estate or of the property from the estate or the exercise control over the property of the estate.

22.     Here, Movant's attempt to lift the Stay is guised circumvention of the express protection of §362(a)1-3; and the Code's purpose, protecting the Debtor from continued proceedings that are property of the estate. Also, per the appeal pending in the Second Department, the Rooker-Feldman doctrine (Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983), bars federal-bankruptcy courts from intervening and removes jurisdiction on appeals of state court judgment.

23.     Notwithstanding the Debtor's meritorious appeal, the movant frustrates the Code by maligning the Debtor instead of allowing the new start. This Court may allow a Stay to remain in place yet allow a Debtor to continue State Court proceeding in that forum that require judicial interpretation of intricate or ambiguous state law In re Mego Intern., Inc., 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983).

**B.     Cause Not Shown to Lift Stay or Alternatively Debtor Shows Sufficient Cause for the to Stay Remain in Place**

**i.     Adequate Protection is provided as Payments were made**

24.     Movant's motion [ECF Doc. No. 21; pp. 5] states entitlement to relief from Stay for Cause as not being adequately protected if the Debtor has not made payment since 2017, which as shown above is misstatement of fact. Movant also states the Debtor cannot propose a plan for want of income from rents or inability to make payments as they become due. The statement that the Debtor cannot propose a plan or lacks income is absent admissible evidence and is mere conjecture evincing the inability to demonstrate cause and they have not met their burden.

25.     However, If a Court finds no equity (Lespoir does not admit), next it determines whether the property is necessary for effective reorganization per 362(d)(2)(B). Here, The Debtor has admitted a third party family member is assisting financing the building albeit gratuitously and if the automatic stay is lifted, there will be no assets to conduct business or effect reorganization or refinance.

26.     First, Section 362(d) does not define "cause" and courts determine this based on a totality of the circumstances, In re Sonnax Indus., Inc., 907 F.2d 1280, 1285 (2d Cir. 1990), the seminal case evaluating relief from Stay for cause provide twelve (12) factors which are:

1.     Whether relief would result in a partial or complete resolution of the issues;
2.     lack of any connection with or interference with the bankruptcy case;
3.     whether specialized tribunal with the necessary expertise has been established to hear the cause of action;
4.     whether the debtor's insurer assumed full responsibility for defending it;
5.     whether the action primarily involves third parties;
6.     whether litigation another form of prejudice the interests of other creditors;

9

7. whether the judgment claim arising from the other action is subject to equitable subordination;
8. whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
9. the interests of judicial economy and the expeditious and economical resolution of litigation;
10. whether the parties are ready for trial in the other proceedings;
11. the impact of the stay on the parties; and
12. the balance of harms.

27. Not all factors are relevant in every case, Mazzeo v, Lenhart, 167 F.3d 139, 143 (2d Cir. 1999) and the court need not assign equal weight to each factor, In re Keene Corporation, 171 B.R. 180, 183 (Bankr S.D.N.Y. 1994).

28. Movant cites In re Harmony Holding Group, LLC, 655 B.R. 849, (Bankr, E.D.N.Y. 2023) for the position that they did not receive any payments post-petition or alternatively the Debtor failed to offer payments of adequate protection which is also untrue where Movant provides no corroborating evidence. Further, that case is distinguished from the instant case where the foreclosure sale was completed prepetition, a fact not present here and as to non-payment, Lespoir's certification state otherwise. Therefore, a "Conclusory statements that a continuance of the stay will cause irreparable harm or injury will occur if relief is denied are insufficient to establish cause" In Re Texaco Inc., 81 B.R. 820, 889 (Bankr. S.D.N.Y. 1988).

29. Here, the Movant's focus is prior litigation facts (non-Sonnax factor), subject to appeal and has no corroborated facts to carry their burden. In re Penn Dixie, 6 B.R. 832 (S.D.N.Y. 1980). If the Movant fails to make the initial showing

of good cause, "the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection" <u>In re Sonnax Indus.</u>, 907 F.2d at 1285; "Burden is on the moving party...to make an initial showing of 'cause'...; Absent such showing, relief from the effect of the stay will be denied"; <u>Mazzeo v. Lenhart</u>, (<u>In re Mazzeo</u>), 167 F.3d 139, 142 (2d Cir. 1999).

30.     Movant has no <u>Sonnax</u> factors supporting their "cause" argument however, Lespoir's factors are (1) whether stay relief result in a partial or complete resolution of the issues (3) specialized tribunal to hear the case, (8) success in other proceeding will result in a judicial lien avoidable by the debtor (11) The impact of the stay on the parties and (12) balance of harm.

31.     Here, Lespoir's *five* factors: Factor (1) Stay relief will not resolve a case pending in the Appellate Division. Factor (3) the Appellate Division will set straight what the state court did not by evaluating issues of fact and law. (8) where the lien in foreclosure includes amounts Movant is not entitled to, that mount is avoidable by Lespoir. Factor (11) the impact of the stay allows breathing room to continue restructuring which is necessary, and The Last factor: (12) the balance of harms in lifting the Stay removes all protections (contrary to the code) and allows Movant to take the property when Lespoir has a right of redemption and enough time to restructure can come out of Bankruptcy as is the Code's purpose.  In fact, if Lespoir is unsuccessful at restructuring the Movant gets the collateral at albeit a later date.

32.    Further, although the movant cites there is no income or rents to make payments, the Debtor has in arrears three (3) months rents pre-petition filing and two (2) months post- petition leading up to this hearing on the matter before the court, thirty four thousand dollars ($34,000.00+/-) collectable to fund adequate protection payments to the Movant or towards refinancing to capture the right of redemption.

33.    Additionally, distinguishing In re Harmony Holding Group, in that case it was the Debtor's second Chapter 11 filing, and a prepetition foreclosure sale was completed, facts not present here.  Further, under New York law "the owner of property subject to foreclosure sale may redeem property at any time *prior* to foreclosure sale" Id., at 855-856, *citing* In re Rey, 2019 WL 1077007, at *2 (Bankr. S.D.N.Y. 2019) *citing* Mortg., Inc v. Brown, 830 N.Y.S.2d 158, 159 (2d Dept. 2006), here the Property is essential and necessary to reorganize efforts where rents will fund adequate protection payments and, or possible refinance. Indeed, "The equity of redemption... allows property owners to redeem their property by tendering the full sum at any point before the property is actually sold at foreclosure sale" NYCTL-199-1 TR v. 573 Jackson Ave. Realty Corp., 921 N.E.2d 195, 199 (NY 2009).   Here, the Debtor's property was not sold and is property of the estate §541(5), ("the term property has been construed most generously and an interest is not outside its reach because it is novel or contingent or enjoyment must be postponed") Segal v. Rochelle, 382 U.S. 375, 379 (1966) Lespoir is actively pursue

financing and it is improper to lift the stay to allow the property to sale where the right of redemption exists and the Stay should remain.

### ii. Debtor Has Not Engaged in Bad Faith Filing to Warrant Conversion to Chapter 7

34.     Evaluating movant's assertion to convert from Chapter 11 to Chapter 7 for cause, the Movant cites cases that are unlike Lespoir's case, see In re Chalek, 2025 WL 338346, here Lespoir has not filed 6 Bankruptcy petitions, nor has Lespoir failed to file schedules or appear at hearings.  The Movant also cites In re MacInnis, 235 B.R. 255, (Bankr. S.D.N.Y.), and although a few of the facts present in that case are present here, the main factor inapplicable is failure to file a plan which has not occurred here contrary to in re MacInnis.  Further, that case's pendency of 6-7 months, here, Lespoir is only under the Bankruptcy protection 6-7 weeks.

35.     Here, the Movant has not allowed any opportunity to file a plan by filing the instant motion 5 weeks after Lespoir filed for Bankruptcy demonstrating intransigence and referencing the timing relative to the prior litigation and improper facts in State Court, they are merely frustrating the Bankruptcy's purpose.

36.     Under In re Éclair Bakery Ltd., 255 B.R. 121, 132 (Bankr. S.D.N.Y 2000), A party is only entitled to relief from Automatic Stay in certain circumstances, under 11 U.S.C. 362(d); yet the case state a dismissal occurs "with great caution and upon supportable findings both of the objective futility of any possibility of reorganization and the subjective bad faith of the petitioner in seeking

13

this form of bankruptcy protection"; <u>In Re Johns-Manville Corp.</u>, 36 B.R. 727, 737, (Bankr.S.D.N.Y. 1984) "dismiss on bad faith grounds should be granted sparingly and on a clear showing of abuse of the bankruptcy process, avoiding an "intense focus on the debtor's motives in filing'"; <u>In re 234-6 West 22nd St., Corp.</u>, 214 B.R. 751, 757 (Bankr.S.D.N.Y. 1997) Finding bad faith is made only after a broad view of the circumstances... <u>In re Con Am Grandview Assocs., L.P.</u>, 179 B.R. 29, 32, (S.D.N.Y. 1995)

37.     Movant evaluates Factors of bad faith under <u>In re Project Orange Assoc., LLC</u>, 432 B.R. 89, 113 (Bankr. S.D.N.Y. 2010) evaluating each factor, where the first factor is Lespoir is a single asset real estate, a fact alone not dispositive on the issue of whether a bankruptcy filing evinces bad faith is recognized by the Second Circuit, See <u>In re AAGS Holdings LLC, Bankr</u>, 608 B.R. 373, 383-384 (Bankr. S.D.N.Y. 2019), the Debtor holding a single asset real estate filed to extend time of the essence clause, the court evaluating constitutes bad faith the court states "the evidence proffered by QPS does not show that the debtor filed a Chapter 11 case without any intention to reorganize." And "Just as a desire to take advantage of the Code cannot *per se* establish bad faith as a matter of law...." the court focused on confirmability of a plan and not bad faith, where the Debtor was single asset realty on the cusp of obtaining financing, ultimately denying the motion.

38.     Second, Movant cites its debts size relative to other creditors, this works against them as allowing the Stay to lift will open the flood gates for other creditors seeking similar relief and the lien on appeal is appealed (See Lespoir Certification).

39.     The third factor that the Debtor's property is the subject of a foreclosure proceeding as stated above but is now also the subject of a meritorious appeal, which also puts the fourth factor (Dispute over property and amount of lien) into question.

40.     Fifth, is the timing of the filing the Bankruptcy petition, yet the timing of filing a bankruptcy petition is not *per se* indicative of bad faith. Sonnax, 907 F.2d at 1285. Nor is filing a bankruptcy petition intended in part to gain relief from a state-court action necessarily constitute bad faith. Id., at 1286. Litte Creek Development Co. v. Commonwealth Mortgage Corp., 779 F.2d 1068, at 1072 (5th Cir. 1986) Bankruptcy filing as a last resort is not bad faith as a cause to lift stay. "there is a considerable gap between delay and creditors, even secured creditors, on the eve of foreclosure and the concept of abuse of judicial purpose" *citing* In re Cohoes Indus. Terminal, Inc., 931 F.2d 222 at 228 (2d Cir. 1991), and "filing a bankruptcy petition with the intent to frustrate creditors does not by itself establish an absence of intent to seek rehabilitation" Banque de Financement, S.A. v. First National bank, 568 F.2d 911, 912 (2d Cir. 1997).

41.     The sixth factor is little or no cash flow however this is due to Debtor's paying amounts movant was required to pay and paying to defend a wrongful

foreclosure action initiated by Movant. Additionally, Lespoir has rent arrearage for three (3) months prior to the filing the petition and the two (2) months post filing by the time of the hearing on this matter before the court about thirty-four thousand dollars ($34,000.00) collectable as Debtor in possession to enforce right to collect rent and redemption. (Certification in Opposition incorporated herein by reference)

42.     The seventh factor "Debtor cannot meet current expenses" cannot be asserted by the Movant and is mere conjecture and speculation.

43.     The eighth factor asserted by Movant; "Debtor having no employees" is also not dispositive as the Property consists solely of a ground floor commercial rental space and two (2) residential units above the commercial space and the Debtor has no need for employees to conduct its business operations.

44.     Therefore, although Movant states the factors weigh against Lespoir, this Court looking to the intent of the Debtor, as here where Lespoir paid monthly adequate protection payments, and can realize the outstanding rents from the tenants, there is a mechanism and wherewithal to effectuate reorganization akin to In re Trina Associates, 125 B.R. 858, 873, (Bankr.E.D.N.Y.1991) as here where there is no frivolous motive on part of Lespoir...."this Court is of the opinion that it is not appropriate to dismiss these cases for lack of good faith..."

   **C.     Sonnax Factors Must Not Be Applied Mechanically and Movant failed to Meet it Burden**

45. Under "In re Metro Affiliates, Inc., et. al., Debtors 2014 WL 1153989 (2014), "In order to make the requisite initial showing cause, the movant must demonstrate the existence of a "particularized injury" that will result from the continued application of the Stay." *citing* Global Cable, inc. v. Adelphia Commc'ns Corp., 2006 WL 1559437, at *3 (S.D.N.Y. June 6, 2006), (affirming denial of motion to lift stay). Movant cannot rely on conclusory statements of harm but must present evidence to supports its initial showing of cause which has not been done here.

46. Movant cites, In re Tupper, 667 B.R. 67, (Bankr. E.D.N.Y. 2024), stating the court granted relief on Sonnax factors. However, Movant conveniently fails to inform this court that unlike In re Tupper (1) the Movant here has not waited for a plan to even be prepared (2) Movant has not indicated receipt of adequate protection payments paid by the Debtor; or (3) the In re Tupper Debtor filed multiple Bankruptcy proceedings; and (4) the court in In re Tupper states that the "Debtor's remedy lies in seeking modification or reversal of the judgment of foreclosure and sale in an appropriate and timely appeal in state court" Id., at *71. A distinction performed here, which authorizes further denial of the Movant's motion as here in the instant case a Notice of Appeal is filed. In re Tupper clearly articulated why the Debtor here is entitled to keep the Stay in place.

47. Further, the Movant fails to articulate any "particularized injury", suffered from the Stay remaining in place and the motion must be denied. Even

evaluating the factors cited by Movant; The first Sonnax Factor (i) the State court foreclosure matter has a judgment subject to an appeal, the facts of which this court cannot determine per Rooker-Feldman doctrine. Further, The Second Sonnax factor (ii) granting relief will significantly hinder administration of the Chapter 11 as the Debtor will have no property to administer or fund the estate's repayment frustrating the Bankruptcy Code's purpose; The Fourth Sonnax Factor (iv) again although the state court is the applicable forum to evaluate a foreclosure proceeding, that proceeding is now subject of a timely filed appeal; additionally, lifting the stay may encourage other creditors to file similar motions, In re SunEdison Inc., 557 B.R. 303, 308-309 (Bankr, S.D.N.Y. 2016) a factor that warrants denying the motion. The seventh Sonnax Factor (vii) as the litigation in State Court is now subject of Appeal, this factor requires a subsequent motion by the Debtor seeking to temporarily modify the Stay solely to perfect the Appeal; as for the tenth Sonnax Factor (x) As mentioned above, an appeal pending in the Second Department will demonstrate whether the Supreme Court kings County Judgment was correct,  however, this factor does not weigh in favor of Movant; for the twelfth factor (xii) Balancing the stay harms As mentioned above, the amounts demanded by Movant pre-foreclosure in State court were incorrectly applied and the monetary amount adjudicated erroneous which is subject to appeal.  Additionally, the Movant tacitly alleges by citing Harmony 655 B.R., at 857-58 in their motion payment of property tax, this assertion is misguided

18

because the movant themselves never paid property tax on the property. The balance in lifting the stay removes the Debtor's chances at reorganization and encourages motions for similar relief to be filed <u>In re Celsius Network LLC.</u>, 642 B.R. 497, 503, (Bankr. S.D.N.Y. 2022) while leaving the stay in place gives a chance at reorganization. The greater harm to the Debtor as the Movant can collect through a plan or reorganization.

48.     Therefore, where the factors alleged in Movant's Motion does not carry extraordinary circumstances, <u>In re Celsius Network LLC.</u>, nor articulate any particularized harm for a minimal delay to put a plan in place <u>In re Metro Affiliates,</u> the factors overall actually weighs in favor of the Debtor and not the Movant.

**D.     Stay Relief Denied per 11 U.S.C. 362(d)(2), if there is Inconclusive Valuation Testimony, Potential Equity or Right of Redemption**

**i.  There is Equity In the Property**

49.     Courts leave Stay protection in place when there is equity in a Debtor's property as a result of inconclusive valuation testimony or when "The present value is subject to dispute", <u>In re Bialic,</u> 712 F.2d 426, 431-432, (9th Cir. 1983) evaluating 362(d)(2)(A) the court stated the movant fails to meet its burden, finding "potential equity" in the property to deny a creditor's motion for relief and finding no need to ascertain whether property is necessary for reorganization. Automatic stay prohibits Creditor's foreclosure on property Debtor has right to redemption, <u>In re 48th Street Steakhouse, Inc.</u>, 835 F.3d 427, 431, (2d Cir. 1987) if a sale "would inevitably have

an adverse impact on property of the bankrupt estate" <u>Prudential Lines Inc.</u>, 928 F.2d 565, 574, (2d Cir.1991) *quoting* <u>In re 48th Street Steakhouse, Inc</u>

50.     Here, there is equity in the property where in the Debtor's rush to file schedules, the valuation was based on old values in the neighborhood, however the updated attached valuation shows current market values putting into question the valuation of the Movant and where "The present value is subject to dispute", akin to <u>In re Bialic</u>, and courts leave the protection in place.  Additionally, the Debtor needs the property that is part of the Chapter 11 Bankruptcy Estate to effect reorganization, which cannot be achieved without it as it "would inevitably have an adverse impact on property of the bankrupt estate" <u>Prudential Lines Inc.</u>, 928 F.2d 565, 574, (2d Cir.1991).  Hence it is necessary and essential to reorganization because it will fund adequate protection payments and refinance.  Therefore, the Stay must not be lifted.

51.     Movant cites <u>In re Kaplan</u>, 264 B.R. 309, (Bankr. S.D.N.Y. 2001) for the position that there is no equity and the property is not necessary for an effective Reorganization, however, that same Court stated it may follow decisions of other bankruptcy judges in that district, at least in absence of clear error, on a particular defense or counterclaim asserted in stay litigation which is ultimately within the bankruptcy court's discretion, <u>In re Kaplan</u> at 326-327, states "that affirmative defense of equitable subordination could be considered as a defense to motion for

an adverse impact on property of the bankrupt estate" <u>Prudential Lines Inc.</u>, 928 F.2d 565, 574, (2d Cir.1991) *quoting* <u>In re 48th Street Steakhouse, Inc</u>

50.     Here, there is equity in the property where in the Debtor's rush to file schedules, the valuation was based on old values in the neighborhood, however the updated attached valuation shows current market values putting into question the valuation of the Movant and where "The present value is subject to dispute", akin to <u>In re Bialic</u>, and courts leave the protection in place.  Additionally, the Debtor needs the property that is part of the Chapter 11 Bankruptcy Estate to effect reorganization, which cannot be achieved without it as it "would inevitably have an adverse impact on property of the bankrupt estate" <u>Prudential Lines Inc.</u>, 928 F.2d 565, 574, (2d Cir.1991).  Hence it is necessary and essential to reorganization because it will fund adequate protection payments and refinance.  Therefore, the Stay must not be lifted.

51.     Movant cites <u>In re Kaplan</u>, 264 B.R. 309, (Bankr. S.D.N.Y. 2001) for the position that there is no equity and the property is not necessary for an effective Reorganization, however, that same Court stated it may follow decisions of other bankruptcy judges in that district, at least in absence of clear error, on a particular defense or counterclaim asserted in stay litigation which is ultimately within the bankruptcy court's discretion, <u>In re Kaplan</u> at 326-327, states "that affirmative defense of equitable subordination could be considered as a defense to motion for

relief from stay" *citing* <u>In re Poughkeepsie Hotel Associates</u>, 132 B.R. 287, 291 (Bankr.S.D.N.Y.1991) and appropriate when it directly involves the debtor's equity.

52.    Here, where it is asserted that in the Supreme Court's foreclosure action, the Movant charged a higher rate on default they were not entitled to is a defense the Debtor asserted and that default never occurred, making the amount obtained in the foreclosure judgment "in question" thereby making the amount Movant seeks suspect or questionable, therefore, where it bares directly on the question of Debtor's equity, the court may consider this defense in stay litigation in order to deny relief from stay. In fact, <u>In re Kaplan</u> at 327 *citing* <u>In re Montgomrey</u>, 262 B.R. 772 (8th Cir.2001) which provides: "in its discretion, the court may consider evidence that the movant's interest as secured party or as post-foreclosure owner is potentially vulnerable to avoidance" evaluating 11 U.S.C. § 548[5]. Therefore, this court must consider the Debtor's defense here. <u>In re Stranaham Gear Co., Inc.</u>, 67 B.R. 834 (Bankr. E.D.Pa 1986), relief denied as creditor merely makes and appends state court complaint and puts had no evidence of cause under 362(d).

---

[5] section 548 of the code provides, and relevant part: (a)(1) the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily (A) made such transfer or encourage such obligation with actual intent to handle, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; Or open up the (B)(i) received less than reasonable equivalent value in exchange for such transfer or obligation

## IV. No alternative Cause Exists to Warrant Converting the Case to Chapter 7 under U.S.C. 1112(b)

53.     Cause factors do not exist to grant Movant's alternative relief to convert the Debtor's Estate to a Chapter 7 premised upon Section 1112(b)(4) of the Bankruptcy Code. Movant cites In re Gateway Access Solutions, Inc., 374 B.R. 556, 562, (Bankr. M.D. Pa 2007) asserting "substantial or continuing loss to diminution of the estate and the absence of reasonable likelihood of rehabilitation and absence of a reasonable likelihood of rehabilitation." However the party seeking to assert this provision bears burden of proof by the preponderance of the evidence, In re Modanlo, 413 B.R. 262, 270 (Bankr.D.Md. 2009) and in In re Gateway Access Solutions, Inc., at 561, "the court must deny the motion to convert or dismiss if the move it fails to satisfy either prong",  In re Paterno 511 B.R 62, 68 (Bankr. M.D. N.C. 2014), refusal to convert or dismiss Chapter 11 where the evidence was ambiguous as to whether the Debtor had a negative cash flow", *citing* In re Gregory & Parker, Inc., No. 12-01382-8-SWH, 2013 WL 2285671, at *4 (Bankr. E.D.N.C. May 23, 2013) Denying the request, the court concluded that the debtors were financially stronger post-petition than prepetition, therefore movant failed to meet its burden. at *5. In In re Paterno, Id., at 68 the court found an argument premised solely on Debtors schedule, monthly operating reports, and statement of financial affairs alone even absent additional evidence by Debtor at hearing insufficient to show substantial or continued post-petition loss. First prong not satisfied by Movant.

54. As stated above, the Debtor's collection of rents to make payments were redirected to defend the wrongful foreclosure initiated by Movant where it is alleged in defense the Movant applied an incorrect rate after acquiring the note and failed to apply payments timely made by the Debtor, in short *the Movant caused the default*. Further, Debtor made post-petition payments to protect against any alleged diminution of the estate since commencing proceedings and paid its insurance to further protect the property. Additionally, at the time of filing the Bankruptcy no payments were collected from the tenants. Moreover, the Movant's assertion payments were not made for years is in question per charge of an incorrect rate and movant's lien amount which are now currently the subject of a timely filed appeal.

55. The reasonable likelihood of rehabilitation standard under 1112(b)(4) in In re 221-06 Merrick Blvd., Associates LLC, Not Reported in B.R. 2010 WL 5018265, (E.D.N.Y December 3, 2010) at *2 'is not whether the debtor can confirm a plan, but whether the debtor can be "... put back in good condition and reestablish on a sound basis."' *citing* In re Ad Brite Corp., 290 B.R. 209, 216 (Bankr. S.D.N.Y.2003) *citing* In re Lizeric Realty Corp., 188 B.R. 499, 503, (Bankr.S.D.N.Y.1995); In re Kanterman, 88 B.R. 26, 29 (S.D.N.Y.1988). "Rehabilitation is the restoration of a business' viability and depends on whether the debtor can formulate within a reasonable amount of time a reasonably detailed business plan". Even In re Con Am Grandview Associates, 179 B.R. at 32, on

similar facts, petition filed eve of foreclosure, no equity, one secured creditor, one employee-Debtor, and relief motion filed 5 weeks after petition. The Bankruptcy Court's relaxed standard in early stage of proceeding of potential reorganization plan warrants denial. Here, Affidavit in Support alleges financing, increased rent roll and a viable plan not liquidation, therefore, dismissal is unwarranted.

## V. Waiver of the 14 Day Stay is Unwarranted

56. Movant cites no extraordinary circumstances to warrant denial of Lespoir relief under Bankr. P. 4001(a)(3), if an Order Lifting the Stay is granted.

WHEREFORE, in light of the foregoing, the motion to lift the stay pursuant to 11 U.S.C.-362(d), and dismissal or conversion from Chapter 11 to Chapter 7 must be denied, and similarly the Court must deny the request to lift the 14 day Stay where no special circumstances or in rem relief exist to warrant such relief and it should remain in place if entry of Judgment Lifting the Stay proceeding grant, along with such relief as may be deemed just.

Dated: Brooklyn, N.Y.
     May 2, 2025

                    ALTER & BARBARO, ESQS.

                    BY: /s/ Troy J. Lambert
                        TROY J. LAMBERT, ESQ.,
                        26 Court Street, Suite 1812
                        Brooklyn, New York 11242
                        Tel: (718) 237-0880
                        troylambert2003@yahoo.com
                        troylambert@alterbarbaro.com